**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD DEPUE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXACT CARE PHARMACY, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:26-CV-01113<br><br>JUDGE BRIDGET MEEHAN BRENNAN |

**ANSWER OF DEFENDANT EXACT CARE PHARMACY, LLC TO PLAINTIFFS' COMPLAINT**

For its Answer to the Complaint of Plaintiffs Richard Depue and Robin Fioretti (collectively, "Plaintiffs"), Defendant Exact Care Pharmacy, LLC ("Defendant") states as follows:

**CLASS ACTION COMPLAINT**[1]

The statements contained in this subsection of Plaintiffs' Complaint are not numerated and serve as introductory statements that are not substantive allegations. To the extent that these statements require a response, Defendant denies the same to the extent these statements suggest or allege any wrongdoing or violations of the TCPA.

**PARTIES**

1. Defendant denies the allegations in Paragraph 1 for want of knowledge or information sufficient to form a belief as to their truth.
2. Defendant denies the allegations in Paragraph 2 for want of knowledge or information sufficient to form a belief as to their truth.
3. Defendant admits the allegations in Paragraph 3.

[1] Headings that appear in this document are duplicated from the Complaint and are included for reference only. To the extent that any response to the headings is required, Defendant denies them.

4. The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute this Court's jurisdiction over this action but denies the allegations in Paragraph 4 to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.
5. The allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute this Court's jurisdiction over it but denies the allegations in Paragraph 5 to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.
6. The allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that venue is proper in this District but denies the allegations in Paragraph 6 to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

**COMMON ALLEGATIONS OF FACT**

7. Defendant admits the allegations in Paragraph 7.
8. Defendant denies the allegations in Paragraph 8.
9. Defendant denies the allegations in Paragraph 9.
10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations in Paragraph 10.
11. The allegations in Paragraph 11 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations in Paragraph 11.

13. Defendant denies the allegations in Paragraph 13.[2]

14. Defendant denies the allegations in Paragraph 14.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations in Paragraph 15.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations and that Plaintiffs are entitled to the requested relief stated in Paragraph 16.

## FACTS SPECIFIC TO PLAINTIFF DEPUE

17. Defendant denies the allegations in Paragraph 17 for want of knowledge or information sufficient to form a belief as to their truth.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23 for want of knowledge or information sufficient to form a belief as to their truth.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

## FACTS SPECIFIC TO PLAINTIFF FIORETTI

31. Defendant denies the allegations in Paragraph 31 for want of knowledge or information sufficient to form a belief as to their truth.

---

[2] Exact Care notes that Plaintiffs' Complaint skipped Paragraph 12 and went to Paragraph 13 after Paragraph 11. This happens again after Paragraph 17 (going to Paragraph 22) and after Paragraph 26 (going to Paragraph 31). For the sake of consistency, Exact Care follows Plaintiffs' numbering.

32. Defendant denies the allegations in Paragraph 32 as to the September 3, 2025; November 17, 2025; January 22, 2026; February 4, 2026; February 17, 2026 calls. Further answering, Defendant admits that it called Plaintiff Fioretti on February 24, 2026 based on a consent to be contacted form submitted by Plaintiff Fioretti.

33. In response to Paragraph 33 of the Complaint, Defendant admits the allegations as to the February 24, 2026 call and denies the remaining allegations set forth therein.

34. Defendant denies the allegations in Paragraph 34.

35. In response to Paragraph 35 of the Complaint, Defendant denies that Plaintiff Fioretti received two calls prior to the February 24, 2026 call and admits that Plaintiff Fioretti answered the February 24, 2026 call which was based on a consent to be contacted form submitted by Plaintiff Fioretti.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

## CLASS ACTION ALLEGATIONS

39. The allegations in Paragraph 39 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations and denies that this case is properly certifiable under Federal Rule of Civil Procedure 23 for any of the purported classes set forth in Paragraph 39.

40. The allegations in Paragraph 40 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.

41. The allegations in Paragraph 41 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.

42. The allegations in Paragraph 42 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.

43. The allegations in Paragraph 43 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.

44. The allegations in Paragraph 44 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations including the allegations in each of the subparagraphs to Paragraph 44.

45. The allegations in Paragraph 45 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.

## FIRST CAUSE OF ACTION

46. In response to Paragraph 46, Defendant incorporates all the foregoing Paragraphs as if restated herein.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. The allegations in Paragraph 52 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.

## SECOND CAUSE OF ACTION

53. In response to Paragraph 53, Defendant incorporates all the foregoing Paragraphs as if restated herein.

54. The allegations in Paragraph 54 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.
55. The allegations in Paragraph 55 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.
56. The allegations in Paragraph 56 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.
57. Defendant denies the allegations in Paragraph 57.
58. Defendant denies the allegations in Paragraph 58 for want of knowledge or information sufficient to form a belief as to their truth.
59. Defendant denies the allegations in Paragraph 59.
60. The allegations in Paragraph 60 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations.
61. Defendant denies the allegations in Paragraph 61.
62. As to the "Wherefore" Paragraph, Defendant denies that Plaintiff and/or any purported class member is entitled to any of the relief requested therein.
63. Defendant denies all allegations in the Complaint not specifically and expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense: Failure to State a Claim

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Defense: Health Care Messages

2. The calls referenced in Plaintiffs' Complaint deliver "health care message[s] under 47 C.F.R. § 64.1200(a)(2) and (a)(3)(v) and are not "telemarketing" calls as alleged by Plaintiff.

Defendant is not liable to the extent the TCPA allows such calls delivering "health care messages" without the consent of the called party.

**Third Defense: Prior Express Consent**

3. Plaintiff Fioretti's claims fail because Defendant reasonably relied on prior express consent obtained on February 20, 2026 to contact the phone number ending in -7133. Further, to the extent the TCPA does not require consent, Plaintiff's claims are barred.

**Fourth Defense: Reassigned Phone Number**

4. Plaintiffs' claims fail because Defendant cannot be held liable for calls that were intended for a consenting individual but, unbeknownst to Defendant, instead reached a non-consenting individual via a reassigned phone number. *See In the Matter of Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 F.C.C. Rcd. 12024 (2018) (hereinafter, "FCC 12/12/2018 Order"). The FCC 12/12/2018 Order states that it will not impose strict-liability under the TCPA for reassigned numbers and "demand the impossible of callers" to somehow know that numbers have been reassigned." *Id.* at ¶ 58. The FCC 12/12/2018 Order further established a comprehensive database that contains information regarding reassigned numbers. *Id.*, at ¶ 53. It was scheduled to become operational on November 1, 2021, at which time callers who utilize the database would not be liable for calling a reassigned number if the database fails to report the number as reassigned. *Id.*

**Fifth Defense: Claims Not Properly Certifiable Under Fed. R. Civ. P. 23**

5. Plaintiffs' claims cannot be properly certified under Fed. R. Civ. P. 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class, including:

   a. Whether each individual was allegedly contacted by Defendant;

b. Whether each individual or agent of that individual provided consent prior to the contact;

c. Whether the individual was called on a cell phone or a landline;

d. Whether the individual was called on a business line or a commercial line;

e. Whether each called individual had an existing relationship with Defendant or an affiliate of Defendant;

f. Whether each individual wanted to receive the call or had requested to receive the call;

g. Whether the individual was a subsequent owner of the telephone number being called.

Furthermore, and among other reasons, class treatment is inappropriate due to lack of commonality, typicality, and adequacy.

**Sixth Defense: Lack of Damages**

6. Plaintiffs are not an aggrieved party and/or has suffered no damages as a result of any actions or inactions of Defendant. To the extent Plaintiffs and purported members of the proposed class have not paid money, lost title to goods of value, or suffered any cognizable nonpecuniary harm as a result of the conduct alleged, Plaintiffs and the purported members of the proposed class have suffered no actual damages and cannot recover any damages in this action.

**Seventh Defense: Constitutionality of Statutory Damages**

7. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at telephone calls and voice messages, statutory damages under the TCPA could quickly rise to millions of dollars for alleged actions that cause little or no actual damage to Plaintiffs or other called individuals, and such statutory damages would be excessive, improper,

and/or unreasonable. Statutory damages would constitute an excessive fine or penalty without the substantive procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**Eighth Defense: Lack of Standing**

8. To establish standing under Article III of the United States Constitution, Plaintiffs and the proposed class must show a concrete and particularized invasion of a legally protected interest. To the extent Plaintiffs or the purported members of the proposed class consented to or wished to receive calls from Defendant, they have not been harmed and do not have standing to sue under the TCPA. Additionally, to the extent Plaintiffs and the purported members of the proposed class have not paid money, lost title to goods of value, or suffered any other concrete or particularized harm as a result of the conduct alleged, Plaintiffs and the purported members of the proposed class lack standing to bring this suit under Article III of the United States Constitution. Plaintiffs also lacks standing to seek any injunctive relief because the Complaint fails to allege any prospect of future harm.

**Ninth Defense: Reasonable Practices and Procedures**

9. Plaintiffs' claims fail because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA. *See* 47 U.S.C. § 227(c)(5). Defendant is not liable for violating the TCPA because any alleged violation "is the result of error" and as part of Defendant's "routine business practice" they meet the standards outlined in the federal regulations. 47 C.F.R. § 64.1200(c)(2). This safe harbor has been recognized by the courts and the FCC. *See Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6585, ¶ 29 (2013) ("In particular, the rule provides a safe harbor from liability for an entity 'on whose behalf telephone

solicitations are made,' if that entity can 'demonstrate that the violation is the result of error and that as part of its routine business practice, it meets [certain] standards[.]").

**Tenth Defense: Alleged Calls Were Not Telephone Solicitations**

10. The calls referenced in Plaintiffs' Complaint were not initiated "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services" and thus do not constitute "telephone solicitations" within the meaning of the TCPA. *See* 47 U.S.C. § 227(a)(4). Therefore, Defendant is not liable to the extent the TCPA does not apply to such calls.

**Eleventh Defense: Failure to Join a Necessary and Indispensable Party**

11. Plaintiffs' Complaint fails to join a necessary and indispensable party.

**Twelfth Defense: Alleged Calls Did Not Use an ATDS or an Artificial or Prerecorded Voice**

12. The calls referenced in Plaintiffs' Complaint were not calls made "using any automatic telephone dialing system or an artificial or prerecorded voice." Therefore, Defendant is not liable to the extent the TCPA does not apply to such calls.

**Thirteenth Defense: Alleged Calls Were Not Unsolicited Advertisements**

13. The calls referenced in Plaintiffs' Complaint were not "material advertising the commercial availability or quality of any property, goods, or services, which is transmitted to any person without the person's prior express invitation or permission in writing or otherwise" and thus does not constitute an "unsolicited advertisement" within the meaning of the TCPA. *See* 47 U.S.C. § 227(a)(5). Therefore, Defendant is not liable to the extent the TCPA does not apply to such calls.

**Fourteenth Defense: Alleged Calls Were Not Made for a Commercial Purpose**

14. The calls referenced in Plaintiffs' Complaint were not made for a commercial purpose within the meaning of the TCPA and therefore Plaintiffs' claims are barred.

**Fifteenth Defense: Alleged Calls Were Not Charged to the Called Person**

15. The calls referenced in Plaintiffs' Complaint were "not charged to the called person or counted against the called person's plan limits on minutes or texts." *See* 47 C.F.R. § 64.1200(a)(9). Therefore, Defendant is not liable to the extent the TCPA does not apply to such calls.

**Sixteenth Defense: Doctrines of Equitable Estoppel, Laches, and Unclean Hands**

16. Plaintiffs' claims are barred by the doctrines of equitable estoppel, laches, and unclean hands.

**Reservation of Rights**

In asserting the foregoing affirmative and other defenses, Defendant does not concede that the assertion of such defenses impose any burden of proof on Defendant with respect thereto. Defendant reserves the right to amend their Answer and to assert other defenses, including affirmative defenses, as may be appropriate as this action proceeds.

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint and respectfully requests that the Court:

A. Dismiss Plaintiffs' Complaint with prejudice and on the merits;

B. Deny class certification;

C. Award Defendant all costs and attorneys' fees; and

D. Grant Defendant such other and further relief the Court deems just and proper.

Respectfully submitted,

/s/ *Colleen M. O'Neil*

Colleen M. O'Neil (0066576)
Samantha I. Lamka (0104623)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
coneil@calfee.com
slamka@calfee.com

*Attorneys for Defendant*
*Exact Care Pharmacy, LLC*

**CERTIFICATE OF SERVICE**

The foregoing has been electronically filed on July 8, 2026 with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system, and all parties may access this filing through that system.

*/s/ Colleen M. O'Neil*
*One of the Attorneys for Defendant*
*Exact Care Pharmacy, LLC*